IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:15-cv-170

BETTE J.T. JONES, Trustee of the Family )
Trust Under The Mazie Graham Taylor )
Trust u/a/d 08/24/1994 and of the Charles E. )
Taylor Revocable Trust u/a/d 06/15/2010 )
    Plaintiff, )
     )
v. )  **ORDER**
     )
NORTH CAROLINA DEPARTMENT OF )
TRANSPORTATION, )
     )
    Defendant. )

**THIS MATTER** is before the court upon the Defendant's Motion to Dismiss and Remand (Doc. No. 3) and in consideration of the Plaintiff's Complaint (Doc. No. 1), styled as a "petition" "to review and inquire" into the condemnation proceedings surrounding her family's property by allowing removal to federal court. The *pro se* Plaintiff has filed a response in opposition to the Defendant's motion (Doc. No. 6 at 1). Having carefully considered the Motion and reviewed the record, the Court enters the following findings, conclusions, and Order.

## I. BACKGROUND

Judging from the Plaintiff's Complaint, as well as other filings in this case, it appears to the Court that the original state action at issue in this case was initiated by the Defendant, North Carolina Department of Transportation (the "Department") on March 21, 2012 against Bette J.T. Jones, as trustee of The Family Trust Under the Mazie Graham Taylor Trust u/a/d August 24, 1994. (*See* Doc. No. 3-1, Ex. A at 1).[1] That action involves the condemnation of a portion of

---

[1] The Court takes judicial notice of the previous proceedings relating to Case No. 2012-CVS-5572 that have been filed in the Superior Court of North Carolina for Mecklenburg County. *See* Fed. R. Evid. 201; *Suntrust Morg., Inc. v. Busby*, 651 F.Supp.2d 472, 480 (W.D.N.C. 2009) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.16

1

property located at Mallard Creek Road for the purposes of constructing the Charlotte Outer Loop, I-485. (*Id.*) The Trust was originally created in August 1994 and together with the Charles E. Taylor trust owned the entirety of the property at issue.[2] (*See* Doc. No. 3-1, Ex. B at 22).

On June 2, 2014 the case was called to trial; Ms. Jones was present and represented by counsel. (*See* Doc. No. 1 at 2; Doc. No. 3-1 at 2). The parties reached a settlement agreement when the court recessed for lunch whereby Ms. Jones would receive $299,500 as total just compensation for the taking of a portion of her property. (*See* Doc. No. 3-1 at 2-3). The attorneys put the settlement on the record in open court.[3] (*Id.*) Ms. Jones is a licensed attorney in Missouri; however she alleges "she did not realize her case was being settled" and that the Department has acted in bad faith repeatedly and discriminated against her violating Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000d.[4] (*See* Doc. No. 6 at 4).

The Department filed several documents of particular importance during the course of litigation with Ms. Jones in state court. (*See* Doc. No. 3-1 at 2-5, 17-18, 22, 28-31). On June 4, 2012, the Department filed an Amendment to the Complaint, Declaration of Taking and Exhibit B of Taking which reflected an alteration in the illustration of the property appropriated as shown on revised plan sheets. (*Id.* at 33, 28-31). Ms. Jones received service at her North Carolina address on June 1, 2012. (*Id.* at 22). The Department amended its Complaint again to correct the caption and properly identify the names of the trusts on October 16, 2013. (*Id.* at 41). Finally, a Consent Judgment was prepared after the announcement in open court of a settlement agreement on June

---

(11th Cir. 1999) (explaining that, when a plaintiff files a complaint based on a document, but fails to include it in the complaint, the court may consider it as part of the pleadings); (Doc. No. 1 at 3).

[2] Ms. Jones has been the trustee since the Trust was created in 1994. (*See* Doc. No. 3-1 at 48).

[3] A copy of the relevant portion of the transcript is attached to the Department's motion as Exhibit A.

[4] The Plaintiff alleges the Department engaged in bad faith by "inter alia filing false and misleading documents, by failing to describe or declare the actual amount of Plaintiff's land being taken; by failing to accurately disclose the second highway project which also will adversely and greatly affect Plaintiff's said property, and by failing to file correct or accurate maps of the actual extent of Defendant's taking; thus, preventing the removal of this matter to the district court." (Doc. No. 6 ¶ 23). Defendant contends all of these allegations. (Doc. No. 3).

2, 2014. (*Id.* at 10).

On April 17, 2015 Ms. Jones filed this action asking this Court to "issue an Order granting Plaintiff the right to remove her said state court case to this district court." (Doc. No. 1 at 1). The Defendant filed a Motion to Dismiss and Remand for lack of jurisdiction and failure to remove in a timely manner pursuant to 18 U.S.C. § 1441. (*See* Doc. No. 3 at 1). Ms. Jones argues that she is a resident of Missouri and furthermore that the court has jurisdiction based on Title VII.[5] (*See* Doc. No. 1 at 2).

## II. LEGAL STANDARD

The district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). In diversity cases, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State of the decedent." 28 U.S.C. § 1332(c)(2). The district courts may also have federal question jurisdiction.[6] *See* 28 U.S.C. § 1331.

Generally, if a party seeks to remove a case from state to federal court, "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). However, a defendant may be provided an additional 30 days to remove if the case stated by the original pleadings is not or does not seem to be removable and it later becomes apparent by the filings that the case is one which is or has

---

[5] Although Ms. Jones claims she was only in North Carolina temporarily, it appears that she made several filings in relation to this matter before her father's death which represented to the state court that her permanent address was in North Carolina. (*See* Doc. No. 3-1 at 22, 57-8).

[6] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

become removable.[7] In cases where the removal is based on diversity of citizenship, a case may not be removed "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

### III. DISCUSSION

Because the relief the Plaintiff seeks appears to be the removal of her state court action to federal court, the court will construe the Complaint as a notice of removal.[8] (*See* Doc. No. 1 at 1). There are a number of problems with Plaintiff's attempt to remove this action; however, for the sake of efficiency, the Court will only address a couple of them.

#### A. Subject Matter Jurisdiction

Ms. Jones asserts that she is "a lifelong resident of the State of Missouri, having continuously resided in the St. Louis area since 1969" and that she is only in North Carolina to wind up her late father's estate. (*See* Doc. No. 1 at 2). Ms. Jones has, however, listed her permanent address in North Carolina since before her father passed. (*See* Doc. No. 3-1 at 57). Moreover, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent." 28 U.S.C. 1332(b)(2). Ms. Jones and the Department are therefore both citizens of North Carolina for the purposes of this case, and the Court finds that it lacks diversity jurisdiction.

Ms. Jones asserts that this Court also has federal question jurisdiction because she is an African-American woman who is being discriminated against by the Defendant and that "she has been deprived of her civil rights under Title VII." (*See* Doc. No. 1 at 3). However, federal question

---

[7] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3).

[8] For ease of reference, the Court will still refer to Ms. Jones as the Plaintiff in this order.

4

jurisdiction turns on whether the cause of action arises out of the Constitution, treaties, or statutes of the United States, not whether there may be a peripheral federal issue within the case. In *City of Cleveland v. Corley*, the plaintiff alleged that Ohio's condemnation laws were discriminatory and sought to remove the case to federal court. *See City of Cleveland v. Corley*, 398 F.2d 41 (6th Cir. 1968). That court held that "a cause of action does not 'arise under' federal laws so as to justify removal, unless it arises out of and depends on those laws, so a plaintiff must show . . . that his right to recover stands on federal law" and not only that the case may contemplate some federal law. *Id.* at 43 (quoting *Venner v. N.Y.C.R. Co.*, 293 F. 373 (6th Cir. 1923)).

Similarly, Ms. Jones' cause of action arises out of the condemnation laws of North Carolina. The Department originally brought Ms. Jones to court in order to condemn a portion of her land and has now filed a motion to enforce the settlement agreement in state court. (*See* Doc. No. 1 at 3; Doc. No. 3 at 3). Ms. Jones petitions this Court to remove based on a cause of action that arose out of North Carolina condemnation law, not Title VII. (*See* Doc. No. 1 at 1). Thus the Court finds that this case does not present a federal question sufficient to satisfy jurisdictional requirements.

**B. Failure to Remove in a Timely Manner**

The Court also finds that Ms. Jones is precluded from removing this matter based on her failure to remove her case in a timely manner. If Ms. Jones had wanted to bring a Title VII claim in relation to this matter, then she had 30 days from her receipt of the original complaint or other filing from which she first ascertained that the case was or had become removable to petition the federal courts for removal. *See* 28 U.S.C. 1446(b)(3). Ms. Jones claims she has been discriminated against and the Department has offered her less than fair market value for her land because of her race. (*See* Doc. No. 1 at 1-4). While the Court makes no findings on the factual merits of these

claims, Ms. Jones has been aware of the amount she was being offered for the land since the consent judgement was prepared following the announcement in open court of the settlement of this matter on June 2, 2014. (*See* Doc. No. 3-1 at 4-5).[9] Therefore, the deadline for removal of this action was, at the very latest, August 2, 2014. Plaintiff did not file for removal until April 17, 2015, and the Court finds that her attempt to do so was untimely.

## IV. CONCLUSION

Upon consideration of the Defendant's Motion, it is hereby **ORDERED** that Defendant's Motion (Doc. No. 3) is **GRANTED in part**. This case is remanded to the Superior Court of North Carolina for Mecklenburg County for such further proceedings as that court deems appropriate.

The Clerk of Court is respectfully directed to send a copy of this order to Plaintiff's address of record.

**SO ORDERED.**

Signed: August 6, 2015

Graham C. Mullen
United States District Judge

---

[9] In the transcript of the hearing, counsel for Ms. Jones stated: "Your, Honor the parties have reached a settlement of the matter. And we would have that in a consent judgement but we would like to announce the settlement on the record in open court so that it's clear . . . The Department of Transportation has agreed to pay to the trust $299,500." (*See* Doc. No. 3-1 at 3). As previously stated, it is not disputed that Ms. Jones was present at this hearing.