IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:15-cv-170

BETTE J.T. JONES, Trustee of the Family )
Trust Under The Mazie Graham Taylor )
Trust u/a/d 08/24/1994 and of the Charles E. )
Taylor Revocable Trust u/a/d 06/15/2010, )
                                              )
      Plaintiff, )
                                              )
v. )                   **ORDER**
                                              )
NORTH CAROLINA DEPARTMENT OF )
TRANSPORTATION, )
                                              )
      Defendant. )
                                              )

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion to Reconsider (Doc. No. 9), Motion for Leave to File Out of Time (Doc. No. 10), and an apparent second Motion to Reconsider (Doc. No. 11) which is very similar to the first. On August 6, 2015, the Court remanded this case to the Superior Court of North Carolina for Mecklenburg County for further proceedings in that court. While Defendant presented numerous compelling reasons why this case should be dismissed or remanded, the Court, for the sake of brevity, addressed only a couple of them, namely that it appeared to lack jurisdiction over this case, and that at any rate, Plaintiff had failed to remove the case in a timely manner under even the most generous interpretations of the relevant deadlines. (*See* Doc. No. 8). Plaintiff asks the Court to reconsider that ruling, maintaining that both diversity jurisdiction and federal question jurisdiction are present in this case, and that her attempts at removal were not untimely.

1

The Court has carefully reviewed these arguments, and nothing about the instant motion causes the Court to reconsider its conclusions in the August 6 order.[1] Plaintiff argues at length that she is and has been a resident of the State of Missouri for many years, and that it is her citizenship as trustee of the above-named trusts that determines whether diversity jurisdiction is present. Plaintiff acknowledges that she "did list her father's address as her address" before he passed away, but that "this was only for the purpose of receiving mail whenever she came back to Charlotte." (Doc. No. 11-1 at 5).

Regardless of whether this is the case, it does not change the Court's determination that Plaintiff's attempts at removal were untimely. The Court specifically noted that her attempt to remove this matter was untimely under 28 U.S.C. § 1446(b)(3). For the purposes of this motion, the Court also finds that Plaintiff's attempts to remove were untimely under 28 U.S.C. § 1446(c), which provides that: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the case." 28 U.S.C. § 1446(c)(1). It appears to the Court that this action was commenced on March 21, 2012 in Superior Court in Mecklenburg County. Absent a finding of bad faith[2] on the part of the NCDOT, then, the deadline for removing this case under 28 U.S.C. 1446(c) was April 21, 2012.

The Court has carefully reviewed Plaintiff's arguments that the NCDOT acted in bad faith to prevent removal of this case, and finds that such arguments are baseless. There is no information

---

[1] The Court acknowledges that the order mistakenly refers to Title VII of the Civil Rights Act of 1964 rather than Title VI, under which Plaintiff's "petition" is purportedly brought. But nothing about this typographical error changes the Court's reasoning or conclusions about the presence of federal question jurisdiction.

[2] Plaintiff specifically references 28 U.S.C. § 1446(c)(3), which reads, in pertinent part: "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B).

in the record to support Plaintiff's assertions that the NCDOT acted to prevent removal of this matter, or to conceal the actual amount in controversy. To the contrary, it appears that Plaintiff has been represented by competent counsel throughout much of the state court proceedings, and that at no time was the issue of removal raised prior to Ms. Jones' April 17 filing. Accordingly, the Court declines to make a finding of bad faith, and declines to reconsider its order remanding this case to Superior Court.

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion for Leave to File Out of Time (Doc. No. 10) is **GRANTED**. Plaintiff's Motions to Reconsider (Doc. Nos. 9 & 11) are **DENIED**.

The Clerk of Court is respectfully directed to send a copy of this order to Ms. Jones.

**SO ORDERED.**

Signed: September 10,

Graham C. Mullen
United States District Judge